[No. 3,669.]

## Ex Parte ROBERT CAGE.

WHEN WRIT OF MANDATE WILL NOT ISSUE.—A writ of mandate will not be issued to compel a Court to render a judgment of acquittal in a criminal case.

DEFENSE OF ONCE HAVING BEEN IN JEOPARDY.—If a prisoner is put on his trial, and the jury disagree, and the term is adjourned without anything of record to show that the jury was discharged, and if the prisoner is entitled to his discharge on account of such facts, he must avail himself of such defense when he is put on his trial again, and by appeal, if judgment should be rendered against him.

APPLICATION to the Supreme Court for a peremptory writ of mandate, requiring the Judge of the Seventeenth Judicial District, County of Los Angeles, to enter a judgment of acquittal.

The applicant represents that he was indicted for murder, and at the June Term of the Court was placed upon trial before a jury duly impaneled and sworn; that testimony was taken, argument had, and the case submitted to the jury upon instructions given by the Court; that the jury retired, but failed to agree, and the Court thereafter adjourned for the term, there being nothing of record to show that the jury was discharged; that the defendant was set at large, giving bail for his appearance at the next term; that at the ensuing September Term, when the cause was called for the purpose of fixing the day of trial, the petitioner moved the Court to enter a judgment of acquittal, on the ground that he had been once put in jeopardy; that the motion was denied, and that the Court fixed a day for the trial.

*Kewen & Howard*, for Applicant.

By the COURT:

Upon application for writ of mandamus to the Judge of the Seventeenth Judicial District.

If the facts disclosed in this application as having occurred at the trial of the prisoner entitle him in point of law to a discharge from further prosecution upon the indictment (a question which we do not propose to determine now), they should be availed of by motion, or other proper application to the District Court, whenever the prisoner may hereafter be actually put upon his trial, and the action of the Court in that respect may be reviewed here on appeal by the prisoner from the judgment, should one be rendered against him.

A writ of mandamus, however, cannot be availed of for the purpose of directing the Court to render the particular judgment desired by the prisoner.

Motion denied.